David B. Smallman (DS-5316)
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
dsmallman@wmd-law.com

*Attorneys for Plaintiffs Valerie Plame Wilson
and Simon & Schuster, Inc.*

Elizabeth A. McNamara (EAM-1987)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, NY 10019
Tel: (212) 489-8230
Fax: (212) 489-8340
lizmcnamara@dwt.com

*Attorneys for Plaintiff Simon & Schuster, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VALERIE PLAME WILSON;                       :   ECF
SIMON & SCHUSTER, INC.,                     :
                                            :   Civil Action No. 07 CV 4595 (BSJ)
         Plaintiffs,                        :
                                            :
     v.                                     :
                                            :
J. MICHAEL MCCONNELL,                       :
IN HIS OFFICIAL CAPACITY AS DIRECTOR        :
OF NATIONAL INTELLIGENCE;                   :
CENTRAL INTELLIGENCE AGENCY;                :
GEN. MICHAEL V. HAYDEN, IN HIS              :
OFFICIAL CAPACITY AS DIRECTOR OF            :
CENTRAL INTELLIGENCE AGENCY,                :
                                            :
         Defendants.                        :
------------------------------------------------------------x

**STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1 IN SUPPORT OF
THE MOTION OF PLAINTIFFS
VALERIE PLAME WILSON AND SIMON & SCHUSTER, INC.
<u>FOR SUMMARY JUDGMENT AND FOR A PERMANENT INJUNCTION</u>**

Plaintiffs Valerie Plame Wilson ("Valerie Wilson") and Simon & Schuster, Inc. ("Simon & Schuster) (collectively "Plaintiffs") submit this statement pursuant to Rule 56.1 of the Local Civil Rules for the Southern District of New York in support of their Motion for Summary Judgment as to the Complaint for Declaratory and Injunctive Relief, dated May 31, 2007 (the "Complaint"). The material facts as to which Plaintiffs contends there is no genuine issue to be tried are as follows:

1. On July 14, 2003, Robert Novak's syndicated column revealed Valerie Wilson's status as a covert CIA Agent. *See* Declaration of David B. Smallman in Support of the Motion of Valerie Plame Wilson and Simon & Schuster, Inc. for Summary Judgment and for a Permanent Injunction, made June 28, 2007 ("Smallman Decl."), Ex. A-1, N.; *See* Unclassified Administrative Record, *Wilson, et al. v. McConnell, et al*, filed by defendants on June 28, 2007 ("Def. R.), Tab 20, 27 E.

2. Novak wrote that "[Ambassador Joseph] Wilson never worked for the CIA, but his wife, Valerie Plame, is an Agency operative on weapons of mass destruction." With that one reported sentence – Mr. Novak "outed" Valerie Wilson. *See* Smallman Decl., Ex. O, T; *see* Def. R., Tab 15 A, 27 D, 27 E; Classified Administrative Record, *Wilson, et al. v. McConnell, et al*, pursuant to Notice of Filing of Classified Document, dated June 28, 2007 ("Def. Cl. R."), Tab 5, 6, 7.

3. As a result of senior government officials wrongfully revealing her covert CIA status to the press in 2003, Valerie Wilson's years of loyal service to the government were effectively and prematurely ended. *See* Smallman Decl., Ex. M, M-1, M-2; *see* Def. R., Tab 11, 24.

4.  As later reprinted in her husband's book, *The Politics of Truth*, Mr. Wilson reported her response: "Twenty years of loyal service down the drain, and for what, my wife asked after she had read it. What was Novak trying to say? What did blowing her cover have to do with the story?" This passage was reviewed and clear for publication by CIA in 2004. *See* Smallman Decl., Ex. O; *see* Def. R., Tab 11, 24.

5.  From Lewis Libby's trial and conviction, it is now widely known that several senior government officials – including Karl Rove, Richard Armitrage, and Ari Fleisher, as well as Mr. Libby – leaked Ms. Wilson's covert status to a number of reporters. *See* Smallman Decl., Ex. L, M, M-1, M-2.

6.  At the time senior government officials were leaking information about Valerie Wilson's employment affiliation with CIA, this information was highly classified. *See* Smallman Decl., Ex. A-1, L, M-1.

7.  The leaks were considered to be of such a serious nature that a criminal referral was instituted, resulting in the investigation ultimately leading to Mr. Libby's conviction. *See* Smallman Decl., Ex. L, M, M-1, M-2.

8.  Further, in connection with Mr. Libby's sentencing, the CIA confirmed that at the time of the leak, Ms. Wilson was a covert CIA employee for whom the CIA was taking affirmative measures to conceal her intelligence relationship to the United States. *See* Smallman Decl., Ex. M-1.

9.  As acknowledged by the government in connection with the sentencing phase of the criminal prosecution of I. Lewis Libby, in January 2002, Ms. Wilson was a CIA operations officer, assigned to the Counter Proliferation Division ("CPD") at CIA Headquarters. In that capacity, she served as the chief of a CPD component with responsibility for weapons

3

proliferation issues related to Iraq. *See* Smallman Decl. Ex. M-1. Over the years, Ms. Wilson on numerous occasions traveled overseas, always under a cover identity, using official or non-official cover, with no ostensible relationship to the CIA. *Id.*

10. The eventual result of Mr. Novak's revelation was the end of Ms. Wilson's career as a highly trained covert intelligence officer. *See* Smallman Decl., Ex. B (e-mail dated November 28, 2005, with attached memo); M-1; Def. R., Tab 11, 24.

11. Following the public disclosure of her covert status, she continued for a limited period of time in other capacities with the CIA, supervising recruiting and training for CPD. Smallman Decl., Ex. M-1.

12. The disclosure of Ms. Wilson affiliation with CIA prematurely ended her government service as an undercover officer, her ability to travel overseas on assignment, and, her expectation to advance within the Agency. *See* Smallman Decl., Ex. , Def. R., Tab 11, 24.

13. Ms. Wilson ultimately resigned her position with the CIA on January 9, 2006. *See* Smallman Decl., Ex. A-1, A-2; *see* Def. R., Tab 1, 11, 24

14. Prior to her resignation, Ms. Wilson explored her eligibility to receive retirement benefits. *See* Smallman Decl., Ex. A-1, B; D, E, J; *see* Def. R., Tab 20, 27, 31 A.

15. Ms. Wilson learned that, despite 20 years of service, her earned annuity could not be paid until she was 56 years old – almost a decade after her resignation. *See* Smallman Decl., Ex. A-1, B, D, E, J, P, Q, R; *see* Def. R., Tab 20, 27, 31 A.

16. Because of her unique circumstances – she did not choose to lose her career and retire early – Ms. Wilson inquired whether the applicable age requirements could be waived in her situation. *See* Smallman Decl., Ex. A-1, B, D, E, J, P, Q, R, L, M, M-1; *see* Def. R., Tab 31 A.

17.     Following an internal review at CIA, which included review of a draft resignation memorandum submitted by Ms. Wilson to its Office of General Counsel, in November 2005, she received the "final word" from the Agency. *See* Smallman Decl., Ex. A-1, B; *see* Def. R., Tab 20, 27, 31 A.

18.     Because of the statutory retirement regulations, CIA could not grant a waiver that would allow Ms. Wilson to obtain an immediate annuity. *See* Smallman Decl., Ex. A-1, B, E, P, Q, R; *see* Def. R., Tab 20, 27, 31 A

19.     The Agency informed Ms. Wilson that she would receive an "official" memo verifying her annuity and the year it would become payable. *See* Smallman Decl., Ex. B; Def. R., Tab 1; Def. Cl. R., Tab 5, 6, 7.

20.     Ultimately, this "official" memo came in the form of the February 10, 2006 letter that is the subject of this litigation. *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 5, 6, 7.

21.     In response to her inquiries regarding the payment of her government annuity and her request that the statutory date for pay-out be waived, an official CIA letter was generated, which was dated February 10, 2006, on CIA letterhead, and signed by the CIA's "Chief, Retirement & Insurance Services" (the "Agency Annuity Letter" or "Letter"). *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 5, 6, 7.

22.     The Agency Annuity Letter acknowledged and disclosed Ms. Wilson's eligibility to receive a deferred annuity under the Federal Employees Retirement System (FERS) Special Category at the conclusion of her government service. *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 5, 6, 7.

5

23. Specifically, the Letter officially disclosed the exact dates of her federal service and government affiliation, including that her dates of service began on "November 11, 1985" and included "6 years, 1 month, 29 days of overseas service." *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 5, 6, 7.

24. The February 10, 2006 letter from CIA disclosing Valerie Wilson's specific dates of federal service with CIA "was included on page E119" of the Congressional Record (Extension of Remarks) dated January 16, 2007. *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 5, 6, 7.

25. The February 10, 2006 letter from CIA disclosing Valerie Wilson's specific dates of federal service with CIA cannot be recovered from Congress. *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 5, 6, 7.

26. The February 10, 2006 letter from CIA to Valerie Wilson disclosing Valerie Wilson's specific dates of federal service with CIA is currently available at www.thomas.gov. *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 5, 6, 7.

27. The February 10, 2006 letter from CIA to Valerie Wilson disclosing Valerie Wilson's specific dates of federal service with CIA is in the public domain. *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 5, 6, 7.

28. The Agency Annuity letter also revealed that she had "achieved a minimum of 20 years of service" and was entitled to receive a deferred annuity at her Minimum Retirement Age of 56. *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

29.     The Agency Annuity Letter did not include any form of a classification stamp and did not include any indicia that the Letter, or information it contained, was classified. *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 1, 3, 6 , 7.

30.     The Letter was sent by First Class Mail. *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

31.     First Class Mail is a method of delivery forbidden for classified documents. *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

32.     The Letter was signed by Karen Tumolo, CIA's Chief, Retirement & Insurance Services, who was presumed to be knowledgeable concerning the handling of classified information. *See* Smallman Decl, Ex. A-1, *see* Def. R., Tab 1, 18; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

33.     Valerie Wilson received no indication from CIA at the time she received the Letter (or for almost a full year thereafter) that this official correspondence, which had been provided to her expressly for retirement benefit planning purposes and in the context of overcoming a statutory limitation upon her ability to obtain an immediate annuity, was itself purportedly classified or subject to any restrictions regarding publication or dissemination. *See* Smallman Decl. A-1, B, F, G, I, J; *see* Def. R., Tab 1, 18, 19; 31 *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

34.     Because Valerie Wilson learned that her annuity would not become payable until she was 56 years old and the CIA could not waive this requirement, only an act of Congress

7

could effectuate a change that would allow her to collect it before that time. *See* Smallman Decl., Ex. A-1, B, E, Q, P; *see* Def. R., Tab 1, 27, 27 D, 27 E, 29, 29 B, 31, 31 A.

35. In late 2005, a member of Congress sympathetic to the plight she and her family were placed in because of her unauthorized "outing" as a covert intelligence officer by senior White House officials raised the possibility of a private bill to make her annuity benefits available prior the attaining the existing statutory age requirement. *See* Smallman Decl., Ex. A-1, B, E, Q, P; *see* Def. R., Tab 1, 27, 27 D, 27 E, 29, 29 B, 31, 31 A.

36. Based on these discussions, draft legislation was prepared in October 2005 that would waive the age requirement for Ms. Wilson to receive her government annuity. *See* Smallman Decl., Ex. B, J; *see* Def. R., Tab 20, 27, 31.

37. As part of this dialogue with Congress, Representative Jay Inslee's office confirmed that Ms. Wilson in fact had 20 years of government service and was entitled to an annuity. *See* Smallman Decl., Ex. B, J; *see* Def. R., Tab 20, 27, 31.

38. On February 26, 2006, after she received the Agency Annuity Letter, Ms. Wilson wrote to Mr. Inslee's Chief of Staff "to follow up and let you know that on 10 February, the agency sent me an official letter stating that they resolved the issue of when I was eligible for an annuity. According to them, I am eligible to receive approximately $1,795 per month when I turn 56. I will be happy to fax you the actual letter, if it would be helpful." *See* Smallman Decl., Ex. B.

39. The proposed federal legislation initially drafted in October 2005 was not introduced until 2007 because it was deemed unlikely that the Republican-controlled Congress would have been willing to enact it at that time. *See* Smallman Decl., Ex. B.

40. Following the November 2006 election and the shift in control of both houses of Congress to the Democratic party, efforts resumed in the House of Representatives to allow Valerie Wilson to receive her deferred annuity benefits, and a bill for that purpose was introduced in mid-January 2007. *See* Smallman Decl., Ex. B.

41. Almost a year after the February 10, 2006 official CIA letter was sent, Congressman Jay Inslee introduced the Valerie Plame Wilson Compensation Act, H.R. 501, on January 16, 2007 in the United States House of Representatives. *See* Smallman Decl., Ex. A-1, E, G; *see* Def. R., Tab 20, 27 D, 27 E.

42. Representative Inslee's floor statement brought to the attention of Congress "one of the human impacts caused by the indiscretion of government officials regarding the covert identity of Central Intelligence Agency operative Valerie Plame Wilson." *See* Smallman Decl., Ex. A-1, E, G; *see* Def. R., Tab 20, 27 D, 27 E.

43. As noted by Representative Inslee, on July 14, 2003 when Robert Novak first identified her as a CIA agent, Valerie Wilson's "professional life was forever altered, and her CIA career irrevocably ruined by the syndicated publication of a column, which revealed [Ms. Wilson's] identity as a covert CIA officer . . . . [F]ollowing the initial outing in the media, [Valerie Wilson's] future as a covert CIA operative ceased to exist and her career of two decades was destroyed. *See* Smallman Decl., Ex. A-1, E, G; *see* Def. R., Tab 20, 27 D, 27 E. On January 9, 2006, [Ms. Wilson] resigned from the CIA, recognizing that any future with the Agency would not include work for which she had been highly trained." *See* Smallman Decl., Ex. A-1, E, G; *see* Def. R., Tab 20, 27 D, 27 E.

44. Representative Inslee's remarks established the basis for the legislation: "Despite [Valerie Wilson's] 20 years of federal service, she [did] not meet the minimum age requirement

9

to receive her retirement annuity. She has been left without a career." Accordingly, Congressman Inslee introduced legislation "to allow [Valerie Wilson] to qualify for her annuity, as one who has served her country for two decades, and waive the age requirement for collecting it." *See* Smallman Decl., Ex. A-1, E, G; *see* Def. R., Tab 20, 27 D, 27 E.

45. "To best demonstrate the annuity for which [Valerie Wilson] may qualify if th[e] [proposed] legislation were to pass," Congressman Inslee "submit[ed] for the record a document sent to [Valerie Wilson] by the CIA. It outlines her deferred annuity and testifies to 20 years of service. The document bears no indications of classified material as required by CIA procedures, and was sent via regular postal mail after [Valerie Wilson] was no longer in the employ of the CIA." Indeed, Representative Inslee introduced the Agency Annuity Letter into the Congressional Record only after "[l]egal experts have assured [him] that this is not a classified document." *See* Smallman Decl., Ex. A-1, E, G; *see* Def. R., Tab 20, 27 D, 27 E.

46. The version of the Letter introduced faithfully documented Ms. Wilson's actual time of service with the Agency, from November 9, 1985 to January 9, 2006, including the time she spent overseas. *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

47. As part of the legislative process, on January 16, 2007, the Agency Annuity Letter, including Ms. Wilson's exact federal service dates, entered the Congressional Record and since that date, it has been continually available worldwide on the Internet through the Library of Congress website at http://www.thomas.gov. *See* Smallman Decl., Ex. A-1, G, I, J; *see* Def. R., Tab 19, 20, 27, 27 C, 27 D, 27 E, 31, 31 A; *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

48. From the outset, Ms. Wilson had endeavored to reach a reasonable resolution with the Agency of any possible national security issues arising from her memoir. *See* Smallman Decl., Ex. C, G, H, I, J; *see* Def. R., Tab 6, 7, 8, 9, 10, 11, 13, 14, 15, 15 ,A, 16, 17, 20 – 31.

49. Ms. Wilson was not seeking *carte blanche* to discuss her entire government service or to reveal any classified information. *See* Smallman Decl., Ex. C, G, H, I, J; *see* Def. R., Tab 6, 7, 8, 9, 10, 11, 13, 14, 15, 15A, 16, 17, 20 – 31.

50. Ms. Wilson had been engaged in the PRB process since June 2006. *See* Smallman Decl., Ex. C; *see* Def. R., Tab 3, 4, 15.

51. During her first in-person meting with PRB officials on November 1, 2006, they indicated that it was *their* view that prohibiting Ms. Wilson from disclosing her CIA affiliation prior to 2002 would lead to an "absurd" and "ludicrous" result. *See* Smallman Decl., Ex. C; *see* Def. R., Tab 15.

52. On November 8, 2006, Ms. Wilson was informed that a decision had been made by "the Seventh Floor," *i.e.,* senior Agency management, not to permit her to disclose her Agency affiliation prior to 2002. *See* Smallman Decl., Ex. C; *see* Def. R., Tab 15.

53. Subsequently, in mid-December 2006, Ms. Wilson was again informed by the Agency of its belated concerns about disclosure by her of open source information regarding her long government service. *See* Smallman Decl., Ex. C; *see* Def. R., Tab 15.

54. Despite apparent disagreement internally at CIA, PRB's Chairman indicated that his hands "were tied" because Agency management had intervened and the final decision rested with the Office of the Director, rather than with the individuals directly involved in the review process and therefore most knowledgeable about the specific aspects of information subject to nondisclosure for national security purposes. *See* Smallman Decl., Ex. C; *see* Def. R., Tab 15.

55. On or about late December 2006, and by letter received on January 9, 2007, CIA was reminded by Ms. Wilson's counsel that the dates of her federal service were disclosed officially by the Agency in an unclassified letter to her in February 2006. *See* Smallman Decl., Ex. C; *see* Def. R., Tab 15.

56. That disclosure of Ms. Wilson's federal service information conformed to other open source, public domain information that had previously been reviewed with CIA. *See* Smallman Decl., Ex. C; *see* Def. R., Tab 15.

57. It was not until January 19, 2007 that the CIA first asked Ms. Wilson to return the unclassified Agency Annuity Letter dated February 10, 2006 and received by her during February 2006. *See* Smallman Decl., Ex. G; *see* Def. R., Tab 18.

58. While the CIA had actual knowledge of the existence in unclassified form (and its disclosure of) Valerie Wilson's precise dates of service from at least February 10, 2006 through January 19, 2007, it took no steps whatsoever for nearly a year to: (1) reclassify any information contained in the CIA Letter, (2) indicate any national security classification of the contents of the letter through proper marking and redelivery of the letter, (3) retrieve the original letter, or (4) restrict in any way dissemination of the letter or any information contained therein. *See* Smallman Decl., Ex. A-1, G; *see* Def. R., Tab 18, 20; *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

59. In its January 19, 2007 letter, the CIA for the first time requested that Ms. Wilson "contact Karen F. Tumolo, [Chief, Retirement & Insurance Services] . . . to make arrangements to return the [February 10, 2006] letter" ("CIA's January 19 Letter"). *See* Smallman Decl., Ex. A-1, G; *see* Def. R., Tab 18, 20.

60. At the time the CIA's January 19 Letter was written, it already knew that the Agency Annuity Letter had been printed in the Congressional Record. *See* Smallman Decl., Ex. A-1; *see* Def. R., Tab 27 E.

61. On January 23, 2007, CIA acknowledged in writing to the Clerk of the House of Representatives that its February 10, 2006 letter, which CIA stated contained "classified information," had been published in the Congressional Record on January 16, 2007. *See* Smallman Decl., Ex. F; *see* Def. R., Tab 19.

62. The information that plaintiffs Valerie Wilson and Simon & Schuster seek to have cleared by CIA for disclosure in Ms. Wilson's memoir is as specific as the information previously released by CIA in the February 10, 2006 letter from CIA to Valerie Wilson. *See* Smallman Decl., Ex. A, A-1, B, F, G, I, J; *see* Def. R., Tab 18, 19; 31 *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

63. The information that plaintiffs Valerie Wilson and Simon & Schuster seek to have cleared by CIA for disclosure in Ms. Wilson's memoir matches the information previously disclosed by CIA in its February 10, 2006 letter to Valerie Wilson. *See* Smallman Decl., Ex. A, A-1, B, F, G, I, J; *see* Def. R., Tab 18, 19; 31 *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7

64. The information disclosed by CIA in the February 10, 2006 letter from CIA to Valerie Wilson is a documented disclosure by CIA of Valerie Wilson's federal service dates with CIA. *See* Smallman Decl., Ex. A, A-1, B, F, G, I, J; *see* Def. R., Tab 18, 19; 31 *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

65. In 2006, Karen Tumolo, CIA's Chief, Retirement & Insurance Services, was an authoritative government source regarding Valerie Wilson's eligibility "to receive her deferred

13

annuity." *See* Smallman Decl., Ex. A, A-1, B, F, G, I, J; *see* Def. R., Tab 18, 19; 31 *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

66. In 2006, CIA directly acknowledged Valerie Wilson's dates of federal service in a list of her federal service set forth in the February 10, 2006 letter from CIA to Valerie Wilson. *See* Smallman Decl., Ex. A, A-1, B, F, G, I, J; *see* Def. R., Tab 18, 19; 31 *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

67. In 2006, Karen Tumolo, CIA's Chief, Retirement & Insurance Service, directly acknowledged Valerie Wilson's dates of federal service in a list of her federal service set forth in the February 10, 2006 letter from CIA to Valerie Wilson. *See* Smallman Decl., Ex. A, A-1, B, F, G, I, J; *see* Def. R., Tab 18, 19; 31 *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

68. The February 10, 2006 letter from CIA to Valerie Wilson stated that "Following is a list of your federal service: CIA, CIA (LWOP, CIA (P/T 40), from 11/9/1985 to 1/9/2006—total 20 years, 7 days. *See* Smallman Decl., Ex. A, A-1, B, F, G, I, J; *see* Def. R., Tab 18, 19; 31 *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

69. The February 10, 2006 letter from CIA to Valerie Wilson stated that CIA's "records show that since January 1, 1987, you [Valerie Wilson] have acquired 6 years, 1 month, and 29 days of overseas service." *See* Smallman Decl., Ex. A, A-1, B, F, G, I, J; *see* Def. R., Tab 18, 19; 31 *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

70. The information disclosed by CIA in the February 10, 2006 letter from CIA to Valerie Wilson was a documented disclosure by CIA of Valerie Wilson's federal service dates with CIA. *See* Smallman Decl., Ex. A, A-1, B, F, G, I, J; *see* Def. R., Tab 18, 19; 31 *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

71. The dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A, A-1, B, F, G, I, J; *see* Def. R., Tab 18, 19; 31 *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

72. More than two weeks elapsed between the time CIA was reminded by Valerie Wilson's counsel of the February 10, 2006 disclosure of her federal service dates in unclassified form and any communication by CIA requesting return of the Letter, and almost a year elapsed from the time that CIA actually knew about the disclosure of of Ms. Wilson's federal service dates in unclassified form and any communication by CIA requesting return of the Letter. *See* Smallman Decl., Ex. C, J; *see* Def. R., Tab 18, 20.

73. Following receipt of the January 19 letter, Ms. Wilson agreed to provide a copy of the February 10, 2006 letter to the CIA and requested that the CIA provide her with a revised and remarked version of the Agency Annuity Letter, with any ostensibly classified information redacted, that complied in good faith with the applicable provisions of Exec. Order 13292, including § 1.6.  *See* Smallman Decl., Ex. H, I; *see* Def. R., Tab 22, 27.

74. It was not until April 24, 2007 that the CIA purported to identify the information it had previously disclosed in February 2006 (now published in Congressional Record) – as "secret." *See* Smallman Decl., Ex. J; *see* Def. R., Tab 1, 29.

75. On April 25, 2007, CIA's Acting General Counsel, John A. Rizzo, on behalf of defendant CIA and defendant Hayden, sent a letter to Valerie Wilson's attorneys in New York enclosing a newly redacted copy of the Agency Annuity Letter that he asserted "reflects the proper classification markings and that has been approved for release in redacted form as a result of a declassification review." *See* Smallman Decl., Ex. J; *see* Def. R., Tab 1, 29.

15

76. The new version of the Agency Annuity Letter sets forth CIA's letterhead, date of the letter, addressee information, CIA service dates of Valerie Wilson from 1/01/2002 to 1/09/2006, and the title of the letter's sender. *See* Smallman Decl., Ex. A-2, J; *see* Def. R., Tab 1, 29.

77. The new version of the Agency Annuity Letter sent to Valerie Wilson's counsel via fax on April 25, 2007 includes the crossed out word "secret." *See* Smallman Decl., Ex. A-2, J; *see* Def. R., Tab 1, 29.

78. The word "secret" appeared nowhere on the original February 10, 2006 letter to Valerie Wilson from CIA. *See* Smallman Decl., Ex. A, A-1, A-2, B, F, G, I, J; *see* Def. R., Tab 18, 19; 31 *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

79. CIA contends that the February 10, 2006 letter sent by CIA to Valerie Wilson was "mistakenly sent to her" and an "administrative error." *See* Smallman Decl., Ex. A, A-1, B, F, G, I, J; *see* Def. R., Tab 18, 19; 31 *see* Def. Cl. R., Tab 1, 2, 3, 6 , 7.

80. Ms. Wilson entered into a publishing agreement with Simon & Schuster in June 2006. *See* Smallman Decl., Ex. A; *see* Def. R., Tab 5, 6, 7.

81. CIA's Director, General Hayden personally decided that Ms. Wilson's federal services dates with CIA could not be disclosed. *See* Def. R., Tab 28.

82. A copy of the e-mail dated January 16, 2007 from Brian Bonlender, Chief of Staff, Congressman Jay Inslee, to Valerie Wilson, with three attachments, was sent to Mr. Rizzo, and subsequently sent to Defendant J. Michael McConnell, Director of National Intelligence. *See* Smallman Decl., Ex. J; *see* Def. R., Tab 27 D.

83. On April 19, 2007, the CIA confirmed that Ms. Wilson had exhausted her administrative remedies concerning the Agency's demands. *See* Def. R., Tab 28.

84.     The April 19, 2007 letter stated that "with limited exceptions, the classified information the PRB identified in [the Manuscript] relates to a single issue, of which [Valerie Wilson was] aware, and reflects the classification determination made by the Director of the Agency [defendant Hayden]. Because the Agency has provided [Valerie Wilson] with a level of administrative process that exceeds the requirements of the applicable Agency regulations, [Valerie Wilson has] exhausted [her] administrative remedies with respect to this classification determination." *See* Def. R., Tab 28.

85.     The "single issue" referred to in the April 19, 2007 letter was the unwillingness of the CIA and defendant Hayden to permit Valerie Wilson to disclose her federal service dates prior to January 1, 2002 because such information was purportedy "classified" and therefore remained subject to Ms. Wilson's secrecy agreement as ostensibly "secret" information under Executive Order 13292. *See* Smallman Decl., Ex. C, G, I, J.; *see* Def. R., Tab 28.

86.     The February 10, 2006 letter from CIA to Valerie Wilson is available worldwide on the Internet through the Library of Congress website at http://www.thomas.gov. See Smallman Decl., Ex. A-1; *see* Def. R., Tab 27 E.

87.     CIA has asserted in this action that an "Excerpt from the Congressional Record" dated "16 January 2007" is "classified." *See* Smallman Decl., Ex. T. DNI John M. McConnell declined Valerie Wilson's request to reverse CIA's decision not to allow publication of the information set forth in CIA's February 10, 2006 letter to Valerie Wilson in her memoir. *See* Def. R., Tab 38.

Dated: June 28, 2007
      New York, New York

                                      WOLLMUTH MAHER & DEUTSCH LLP

By: _____
     David B. Smallman (DS-5316)

500 Fifth Avenue
New York, NY  10101
Tel: (212) 382-3300
Fax: (212) 382-0050
dsmallman@wmd-law.com

*Attorneys for Plaintiffs*
*Valerie Plame Wilson and Simon & Schuster, Inc.*

DAVIS WRIGHT TREMAINE LLP
Elizabeth A. McNamara (EAM-1987)
1633 Broadway, 27th Floor
New York, NY  10019
Tel: (212) 489-8230
Fax: (212) 489-8340
lizmcnamara@dwt.com

*Attorneys for Plaintiff Simon & Schuster, Inc.*

*Additional Counsel for*
   *Plaintiff Valerie Plame Wilson*

Professor Erwin Chemerinsky
Duke University School of Law
Science Drive and Towerview Road
Durham, NC  27708-0360
Tel: (919) 613-7173
Fax: (919) 613-7231

Lisa E. Davis, Esq.
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue
New York, NY 10022
Tel: (212) 980-0120
Fax: (212) 593-9175