David B. Smallman (DS-5316)
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, NY 10110
Tel: (212) 382-3300
Fax: (212) 382-0050
dsmallman@wmd-law.com

*Attorneys for Plaintiffs Valerie Plame Wilson
and Simon & Schuster, Inc.*

Elizabeth A. McNamara (EAM-1987)
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, NY 10019
Tel: (212) 489-8230
Fax: (212) 489-8340
lizmcnamara@dwt.com

*Attorneys for Plaintiff Simon & Schuster, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
VALERIE PLAME WILSON;                    :
SIMON & SCHUSTER, INC.,                  :
                                         :
        Plaintiffs,                      :
                                         :
            v.                           :
                                         :
J. MICHAEL MCCONNELL,                    :
IN HIS OFFICIAL CAPACITY AS DIRECTOR     :
OF NATIONAL INTELLIGENCE;                :
CENTRAL INTELLIGENCE AGENCY;             :
GEN. MICHAEL V. HAYDEN, IN HIS           :
OFFICIAL CAPACITY AS DIRECTOR OF         :
CENTRAL INTELLIGENCE AGENCY,             :
                                         :
        Defendants.                      :
------------------------------------------------------------x

**ECF**

Civil Action No. 07 CV 4595 (BSJ)

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS
PURSUANT TO LOCAL RULE 56.1(b)**

Pursuant to Local Civil Rule 56.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiffs Valerie Plame Wilson ("Valerie Wilson") and Simon & Schuster, Inc. ("Simon & Schuster) (collectively "Plaintiffs") respond to defendants' "Statement of Material Facts" as follows:[1]

1.     Admit.

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that additional dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

2.     Deny as a legal conclusion and not a statement of fact, and as unsupported by citation to admissible evidence as required by Local Rule 56.1(d).

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that additional dates of Valerie Wilson's federal service with CIA are currently in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

---

[1] Citations to the Exhibits to the Declaration of David B. Smallman, made on June 28, 2007, are in the form "Smallman Decl., Ex. __." Citations to the Reply Declaration of David B. Smallman, made on July 20, 2007, are in the form "Smallman Rpl. Decl., Ex. __." Citations to the unclassified Administrative Record submitted by defendants in this action, on June 28, 2007, are in the form "Def. R., Tab __." Citations to defendants' classified Administrative Record are in the form "Def. Cl. R., Tab __."

3. Deny as a legal conclusion and not a statement of fact, except admit that "in 2003, Wilson's employment with the Agency was disclosed in the media" and that "her cover . . . [was] lifted by the CIA."

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

4. Deny as a legal conclusion and not a statement of fact, except admit "that disclosure resulted in the indictment in Libby" and further admit that "[i]n October 2005, the CIA determined . . . that the public interest in allowing the criminal prosecution to proceed outweighed the damage to national security that might reasonably be expected from the official disclosure of Ms. Wilson's employment and cover status."

5. Deny as a legal conclusion and not a statement of fact, except admit that "the CIA lifted and rolled back Ms. Wilson's cover effective 1 January 2002 and declassified the fact of her CIA employment and cover status from that date forward."

Pursuant to Local Civil Rule 56.1(b) Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

6. Deny as a legal conclusion and not a statement of fact; deny as controverted by Smallman Decl., Ex. A-1 at E119; F ("letter from Central Intelligence Agency included on page

E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks))"; Smallman Rpl. Decl., Ex. A.

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

7. Admit.

8. Deny, except admit that Valerie Wilson "request information about eligibility for a deferred annuity from the CIA's personnel office" as set forth in Smallman Decl., Ex. A-1 at E119, B.

9. Admit that Karen Tumolo, of "CIA's personnel office . . . whose title was "Chief, Retirement & Insurance Services" responded to Valerie Wilson's request for "information about her eligibility for a deferred annuity" by "letter dated February 10, 2006."

Pursuant to Local Civil Rule 56.1(b) Plaintiffs further contend that the response of Karen Tumolo, CIA's Chief, Retirement & Insurance Services, is set forth in a letter dated February 10, 2006 that is in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)").

10. Deny as a legal conclusion and not a statement of fact; deny as controverted by Smallman Decl., Ex. A-1 at E119; F ("letter from Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"); Smallman Rpl. Decl., Ex. A (Page E119 available on Thomas.gov as of July 1, 2007).

4

11. Admit.

12. Deny as a legal conclusion and not a statement of fact.

13. Deny as a legal conclusion and not a statement of fact.

14. Deny as a legal conclusion and not a statement of fact, and deny as unsupported by a citation to admissible evidence as required by Local Rule 56.1(d); deny as controverted by Smallman Decl., Ex. A-1 at E119; B ("official" response from CIA); F ("letter from Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"); Smallman Rpl. Decl., Ex. A.

15. Deny as a legal conclusion and not a statement of fact, except admit that Valerie Wilson "submitted a partial first draft of a manuscript to the CIA's Publications Review Board on July 7, 2006, and a full first draft on September 7, 2006."

16. Deny, as legal conclusion and not a statement of fact, except admit CIA's Publications Review Board sent a "determination" to Valerie Wilson on November 21, 2006, as set forth in Def. R., Tab 11.

Pursuant to Local Civil Rule 56.1(b) Plaintiffs further contend that CIA's Public Review Board continued communications with Valerie Wilson after November 21, 2006 regarding its determination(s) concerning her manuscript. Smallman Decl., Ex. C, G, H, I; Def. R., Tab 10, 12, 13, 14, 16, 17, 24, 26.

17. Deny, as legal conclusion and not a statement of fact, except admit that the November 21, 2006 letter from CIA's Publications Review Board stated that the first half of manuscript "would reveal classified information because of the context in which it appears, [or] the timeframes associated with the material . . . ."; deny as controverted by Smallman Decl., Ex. A-1 at E119; B ("official" response from CIA); F ("letter from Central Intelligence Agency

5

included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"); Smallman Rpl. Decl., Ex. A.

18. Deny, as legal conclusion and not a statement of fact, except admit that the December 22, 2006 letter from CIA's Publications Review Board stated that the first half of manuscript was "replete with statements that may be unclassified standing alone, but they become classified when they are linked with a specific time, such as an event in your personal life, or are included in another context that would reveal classified information."; deny as controverted by Smallman Decl., Ex. A-1 at E119; B ("official" response from CIA); F ("letter from Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"); Smallman Rpl. Decl., Ex. A.

19. Deny, as legal conclusion and not a statement of fact, except admit that the December 22, 2006 letter from CIA's Publications Review Board stated that certain material in the manuscript could be made unclassified by, among other things "separat[ing] certain statements and vignettes from the timeframes in which they currently appear [or] remov[ing] the references to the times and events in [Wilson's] personal life."; deny as controverted by Smallman Decl., Ex. A-1 at E119; B ("official" response from CIA); F ("letter from Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"); Smallman Rpl. Decl., Ex. A.

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the December 22, 2006 letter from CIA's Publications Review Board further stated that CIA's Publications Review Board "recognize[d] that these options might not be feasible in some instances and that the only way to avoid revealing [what PRB asserted to be] classified information in those cases would be to recast that information or fictionalize it."

6

20. Admit.

21. Deny as legal conclusion and not a statement of fact; deny as controverted by Def. R., Tab 22, 25, 28, 27 at pages 3-6 (setting forth actual history of communications by Ms. Wilson with Publications Review Board, providing chronology, and demonstrating that "Ms. Wilson, with the Agency's knowledge, was considering and actively working on a proposed approach and compromise regarding redactions to the first half of the manuscript. She did not 'decline' to meet with anyone, and the Agency should correct its misstatements that suggest otherwise."); Smallman Dec., Ex. I, J.

22. Deny as legal conclusion and not a statement of fact.

Pursuant to Local Civil Rule 56.1(b) Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

23. Deny as legal conclusion and not a statement of fact, and deny as unsupported by a citation to admissible evidence as required by Local Rule 56.1(d) regarding any reference to settlement communications and/or conference calls involving settlement communications, except admit that the February 24, 2007 letter from CIA's Publications Review Board states that "[t]he PRB staff is available to work with you to discuss ways in which this deleted text could be modified in order to render it unclassified or could be used in other contexts so as not to reveal classified information."

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at

7

E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [sic], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

24.   Admit.

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [sic], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

25.   Deny as legal conclusion and not a statement of fact, and deny as unsupported by a citation to admissible evidence as required by Local Rule 56.1(d) regarding any reference to settlement communications and/or conference calls involving settlement communications, except admit that the April 19, 2007 letter from CIA states the Publications Review Board discussed certain "concerns regarding the classification determination reflected in the Board's review of your manuscript and certain writing techniques (e.g., changing or obscuring the chronological timing of an event, placing text in another part of he manuscript, etc. that you could use to rewrite some of the deleted material to render it unclassified."

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [sic], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

26. Deny, as unsupported by a citation to admissible evidence as required by Local Rule 56.1(d); deny as controverted by Def. R., Tab 22, 25, 28, 27 at pages 3-6 (setting forth actual history of communications by Ms. Wilson with Publications Review Board, providing chronology, and demonstrating that "Ms. Wilson, with the Agency's knowledge, was considering and actively working on a proposed approach and compromise regarding redactions to the first half of the manuscript. She did not 'decline' to meet with anyone, and the Agency should correct its misstatements that suggest otherwise."); Smallman Dec., Ex. I, J.

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

27. Admit that the CIA informed Valerie Wilson that she had "exhausted her administrative remedies with respect to" a "single issue" referenced in the letter dated April 19, 2007 from R. Puhl to Valerie Wilson.

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

28. Admit that "on January 16, 2007, Representative Jay Inslee introduced a bill in Congress entitled the Valerie Plame Wilson Compensation Act."

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the extension of

Remarks by Representative Jay Inslee included a letter dated February 10, 2006 from CIA set forth the dates of Valerie Wilson's federal service with CIA, and that such dates of federal service are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

29.   Deny as legal conclusion and not a statement of fact with regard to the phrase "a partial version" of the February 10, 2006 letter; deny as controverted by Smallman Decl., Ex. A-1 at E119; B ("official" response from CIA); F ("letter from Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"); Smallman Rpl. Decl., Ex. A, and admit that the February 10, 2006 letter from Central Intelligence Agency was included on page E119 of the January 16, 2007 Congressional Record (Extension of Remarks. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

30.   Deny as legal conclusion and not a statement of fact, and deny, as unsupported by a citation to admissible evidence as required by Local Rule 56.1(d), except admit that Karen Tumolo wrote to Valerie Wilson on January 19, 2007, which was three days after Representative Inslee introduced a bill in Congress entitled the Valerie Plame Wilson Compensation Act" and approximately eleven months after Ms. Tumolo sent the February 10, 2006 letter to Valerie Wilson, and stated in the January 19, 2007 letter that "[t]he [February 10, 2006] letter was not properly marked to indicate its national security classification" and further stated that "[t]he

absence of a national security classification marking was an administrative error and information contained therein remains classified."

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

31.     Deny as legal conclusion and not a statement of fact, except admit that on January 23, 2007, "the CIA wrote the clerk of the House of Representatives and stated that "a February 10, 2006 letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks) . . . . "contains classified information that was not properly marked to reflect its national security classification."

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

32.     Deny as legal conclusion and not a statement of fact, except admit that "CIA has created a Classification Guide."

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January

11

12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

    33.    Deny as legal conclusion and not a statement of fact, except admit that "CIA has created a Classification Guide."

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

    34.    Deny as legal conclusion and not a statement of fact, except admit that "CIA has created a Classification Guide."

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

    35.    Deny as legal conclusion and not a statement of fact, except admit that CIA, CIA's Director, and the Director of National Intelligence have asserted that Valerie Wilson's dates of federal service prior to 2002 are classified; deny as controverted by Smallman Decl., Ex. A-1 at E119; B ("official" response from CIA); F ("letter from Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"); Smallman Rpl. Decl., Ex. A.

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the position asserted

by defendants with respect to their respective determinations regarding the February 10, 2006 letter are set forth in letters dated May 17, 2007, Def. R., Tab 36, and May 18, 2007, Def. R., Tab 38. Also pursuant to Local Civil Rule 56.1(b) Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

  36. Deny as legal conclusion and not a statement of fact.

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

  37. Deny as legal conclusion and not a statement of fact.

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

  38. Deny as legal conclusion and not a statement of fact.

Pursuant to Local Civil Rule 56.1(b) Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January

12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

    39.    Deny as legal conclusion and not a statement of fact.

Pursuant to Local Civil Rule 56.1(b), Plaintiffs further contend that the dates of Valerie Wilson's federal service with CIA are in the public domain. *See* Smallman Decl., Ex. A-1 at E119, B, F ("letter from the Central Intelligence Agency included on page E119 of the January 12 [*sic*], 2007 Congressional Record (Extension of Remarks)"), G, I, J; *see* Def. R., Tab 18, 19, 31; *see* Def. Cl. R., Tab 1, 2, 3, 6, 7.

Dated: July 20, 2007
       New York, New York

                                  WOLLMUTH MAHER & DEUTSCH LLP

                                  By: _____
                                       David B. Smallman (DS-5316)

                                  500 Fifth Avenue
                                  New York, NY 10101
                                  Tel: (212) 382-3300
                                  Fax: (212) 382-0050
                                  dsmallman@wmd-law.com

                                  *Attorneys for Plaintiffs*
                                  *Valerie Plame Wilson and Simon & Schuster, Inc.*

                                  DAVIS WRIGHT TREMAINE LLP
                                  Elizabeth A. McNamara (EAM-1987)
                                  1633 Broadway, 27th Floor
                                  New York, NY 10019
                                  Tel: (212) 489-8230
                                  Fax: (212) 489-8340
                                  lizmcnamara@dwt.com

                                  *Attorneys for Plaintiff Simon & Schuster, Inc.*

*Additional Counsel for*
  *Plaintiff Valerie Plame Wilson*

Professor Erwin Chemerinsky
Duke University School of Law
Science Drive and Towerview Road
Durham, NC 27708-0360
Tel: (919) 613-7173
Fax: (919) 613-7231

Lisa E. Davis, Esq.
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue
New York, NY 10022
Tel: (212) 980-0120
Fax: (212) 593-9175

15